**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Maughan Butterfield,<br><br>Plaintiff,<br><br>v.<br><br>CiCi Enterprises LP, et al.,<br><br>Defendants. | No. CV-20-01590-PHX-DLR<br><br>**ORDER** |

Before the Court is Plaintiff's motion to remand to state court, which is fully briefed. (Docs. 24, 28, 31.) For the following reasons, Plaintiff's motion is denied.

**I. Background**

Plaintiff brings this action on behalf of her minor son, B.B, a high-school student and former employee of a Mesa, Arizona CiCi Enterprises, LP ("Cici's") location managed by area manager, Jack Rochelle, and store manager, Valarie Bustamante. (Doc. 25 at 2.) In 2019, B.B. worked part-time as a Cici's restaurant team member. (*Id.* at 3.) Also in 2019, Lanxton Turner applied for the position of Shift Leader. (*Id.*) When conducting its pre-hire investigation, Cici's discovered that Mr. Turner recently had been criminally charged with aggravated assault arising from an alleged strangulation attempt. (*Id.*) Despite knowledge of the pending charge and without investigating his public social media profiles—containing sexually explicit images and sexual solicitations—Mr. Rochelle and/or Ms. Bustamante hired Mr. Turner as Shift Leader on May 20, 2019. (Doc. 1-3 at 5.) As B.B.'s supervisor, Mr. Turner began grooming him. (Doc. 25 at 4.) On June 14,

2019, Mr. Turner invited B.B to a movie after work. Mr. Turner offered to drive B.B. to the theatre, but stopped at his home to shower, inviting B.B. inside. Mr. Turner then revealed himself, scantily clad, to B.B. and thereafter got dressed and drove them to the theatre. During the movie, Mr. Turner allegedly repeatedly and inappropriately touched B.B without his consent, leading B.B to flee the theater. (*Id.* at 5.) B.B. thereafter resigned from Cici's. (Doc. 1-3 at 15.)

On July 28, 2020, Plaintiff filed this action in Maricopa County Superior Court, bringing a single state law claim against Defendants for negligence. Particularly, the complaint alleges negligence arising from Defendants' alleged inadequate investigation of and decision to hire Mr. Turner. (*Id.* at 25, 28-32.) On August 11, 2020, Defendants removed the action to this Court based on diversity jurisdiction, alleging fraudulent joinder of the Arizona defendants and arguing that the amount in controversy exceeds $75,000. (Doc. 1.) On September 2, 2020, Plaintiff filed a motion to remand, which is now ripe.

**II. Discussion**

Plaintiff contends that the Court lacks diversity jurisdiction because (1) complete diversity between the parties is lacking and (2) the amount in controversy "probably" does not exceed $75,000. The Court will address the diversity jurisdiction and amount-in-controversy arguments, in turn.

   **A. Diversity Jurisdiction**

Complete diversity exists between Cici's, a Delaware limited partnership and Plaintiff, an Arizona resident. The inclusion of Mr. Rochelle and Ms. Bustamante—both domiciled in Arizona—does not destroy complete diversity because both are fraudulently joined. "[F]raudulent joinder exists, and the non-diverse defendant is ignored for purposes of determining diversity of the parties, if the plaintiff 'fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *IDS Prop. Cas. Ins. Co. v. Gambrell*, 913 F. Supp. 2d 748, 752 (D. Ariz. 2012) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The Court looks not to the plaintiff's subjective intent but rather to whether the plaintiff has "no possibility of

bringing" the claims against the resident defendant. *Id.*

Here, Plaintiff brings a negligence claim against both resident defendants based on a negligent hiring theory. Arizona does not recognize a common law negligent investigation, hiring, retention, or supervision cause of action brought by an employee against an employer. *Thorp v. Home Health Agency-Az., Inc.*, 941 F. Supp. 2d 1138, 1143 (D. Ariz. 2013); *Archer v. Partners in Recovery LLC*, No. CV-18-01885-PHX-DWL, 2019 WL 3253175, at *3 (D. Ariz. July 19, 2019); *Mosakowski v. PSS World Med., Inc.*, 329 F. Supp. 2d 1112, 1131 (D. Ariz. 2003); *Irvin Investors, Inc. v. Sup. Ct. Cty. of Maricopa*, 800 P.2d 979 (Ariz. Ct. App. 1990). Rather, Arizona's workers' compensation statute provides the exclusive remedy for an employee's negligence claim against an employer or co-employee acting in the scope of his or her employment. *House v. Brovitz Grp.*, No. CV-17-01456-PHX-DLR, 2018 WL 4351247, at *6 (D. Ariz. Sept. 12, 2018) (citing A.R.S. § 23-1022); *Govan v. Sec, Nat'l Fin. Corp.*, 502 F. App'x. 671, 674 (9th Cir. 2012); *Smithey v. Hansberger*, 938 P.2d 498, 501 (Ariz. Ct. App. 1996).

Plaintiff asserts that Arizona's workers' compensation statute does not provide the exclusive remedy here because (1) Plaintiff's claim has already been denied under the workers' compensation framework and (2) the statute does not cover mental injuries, like those suffered by B.B. Plaintiff's arguments are misguided. First, it does not appear that B.B.'s workers' compensation claim has been denied and, even it had been, denial of the claim under the state's exclusive recovery framework does not create opportunities for B.B. outside that framework. Plaintiff's contention that B.B. has had a workers' compensation claim denied is based on a letter from Liberty Mutual Insurance regarding a claim for insurance benefits under Cici's insurance policy. (Doc. 24-1 at 3.) The letter makes clear that it does not constitute a decision by the Industrial Commission of Arizona (the "Commission") or a formal denial of the claim. (*Id.*) Plaintiff has made no showing that she otherwise filed a workers' compensation claim on B.B.'s behalf with the Commission, which was thereafter denied. Regardless, even if the claim had been presented and denied, denial of a claim under the exclusive recovery framework does not give a plaintiff the right

to recover by other means.

Second, the Arizona workers' compensation statute covers mental injuries where "some unexpected, unusual or extraordinary stress related to the employment or some physical injury related to the employment was a substantial contributing cause of the mental injury, illness or condition." A.R.S. § 23-1043.01(B). "[S]exual molestation certainly falls into the category of the unexpected, unusual, or extraordinary." *Irvin*, 800 P.2d at 981. In sum, the Court ignores the resident defendants in its jurisdictional analysis and determines that complete diversity exists.

**B. Amount in Controversy**

Cici's has shown by a preponderance of the evidence that the amount in controversy plausibly exceeds $75,000. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1997 (9th Cir. 2015). For example, Plaintiff's counsel represented to defense counsel that B.B. "is entitled to recover up to $300,000 in damages" but would accept settlement in the amount of $75,000. (Doc. 1-3 at 11.) Even though it appears that, in her initial demand, Plaintiff offered to settle for one penny short of the jurisdictional threshold, the jurisdictional cap allows for far greater recovery, should a jury return a verdict for Plaintiff. Further, since the settlement demand was made, B.B.'s damages in the form of lost wages have increased by at least one penny. Moreover, Plaintiff does not contest that the amount in controversy may exceed $75,000. Instead, she equivocally notes that the amount in controversy "probably" does not meet the jurisdictional threshold. Plaintiff cannot half-heartedly dispute the amount in controversy while reserving the right to recover in excess of the jurisdictional threshold in the future. Because the complete diversity and amount in controversy requirements have been met,

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. 24) is **DENIED.**

Dated this 5th day of October, 2020.

Douglas L. Rayes
United States District Judge