**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Maughan Butterfield, | No. CV-20-01590-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| CiCi Enterprises LP, et al., | |
| Defendants. | |

Before the Court is Cici Enterprises LP's ("Cici's") motion to dismiss, which is fully briefed. (Docs. 32-35.) For the following reasons, Cici's motion is granted.[1]

Cici's seeks to dismiss the single cause of action—a negligent hiring claim—asserted in the amended complaint. (Doc. 25.) As the Court explained in its October 6, 2020 order (Doc. 36), Arizona does not recognize a common law negligent investigation, hiring, retention, or supervision cause of action brought by an employee against an employer. *Thorp v. Home Health Agency-Az., Inc.*, 941 F. Supp. 2d 1138, 1143 (D. Ariz. 2013); *Archer v. Partners in Recovery LLC*, No. CV-18-01885-PHX-DWL, 2019 WL 3253175, at *3 (D. Ariz. July 19, 2019); *Mosakowski v. PSS World Med., Inc.*, 329 F. Supp. 2d 1112, 1131 (D. Ariz. 2003); *Irvin Investors, Inc. v. Sup. Ct. Cty. of Maricopa*, 800 P.2d 979 (Ariz. Ct. App. 1990). Rather, Arizona's workers' compensation statute provides the exclusive remedy for an employee's negligence claim against an employer or co-employee

---

[1] The Court incorporates by reference the background section from its October 6, 2020 order. (Doc. 36 at 1-2.)

acting in the scope of his or her employment, unless the employer has failed to provide workers' compensation protection as required by law.[2] *House v. Brovitz Grp.*, No. CV-17-01456-PHX-DLR, 2018 WL 4351247, at *6 (D. Ariz. Sept. 12, 2018) (citing A.R.S. § 23-1022); *Govan v. Sec, Nat'l Fin. Corp.*, 502 F. App'x. 671, 674 (9th Cir. 2012); *Smithey v. Hansberger*, 938 P.2d 498, 501 (Ariz. Ct. App. 1996).

Plaintiff's argument that her claim may move forward because the workers' compensation statute does not provide the exclusive remedy—since the supervisor's molestation of B.B was neither accidental nor occurred on workplace property—is misguided. On the contrary, in *Irvin Investors*, when addressing similarly non-accidental circumstances in which the plaintiff suffered molestation at the hands of a coworker operating outside the scope and course of his employment, the Arizona Court of Appeals nevertheless concluded that the workers' compensation statute provided the exclusive remedy for her claim of negligent hiring against her employer. 800 P.2d at 981. Further, even though the alleged molestation, itself, occurred off of Cici's property, because Plaintiff's "claim[] of negligent hiring, supervising and retaining allege[s] that [B.B. was] injured as a result of negligent workplace conduct, such claim[ is] barred by Arizona's workers' compensation scheme." *St. George v. Home Depot U.S.A.*, No. CV-04-1210-PCT-LOA, 2006 WL 3147661, at *5 (D. Ariz. Nov. 1, 2006). In sum, because Plaintiffs' claim for negligent hiring fails to state a claim in which relief can be granted, it will be dismissed.

Plaintiff attempts to salvage her complaint by arguing that, even if the negligent hiring claim is precluded by the workers' compensation statute, she nevertheless has a claim against Cici's because it is vicariously liable for the battery committed by B.B's supervisor. (Doc. 34 at 5.) The amended complaint does not bring a claim seeking to hold Cici's liable for the supervisor's tort. It also raises no claim against the supervisor, himself, in tort. Further, Plaintiff has made no attempt to correct her pleading's deficiencies by

---

[2] The parties agree that Cici's provided workers' compensation benefits to its employees, here.

seeking leave to amend in accordance with the Court's procedure[3] nor has she expressed an intention to amend her complaint in the future to add the vicarious liability claim. As a result, the Court will dismiss Plaintiff's complaint without leave to amend.

**IT IS ORDERED** that Cici's motion to dismiss (Doc. 32) is **GRANTED.** The Clerk of Court is directed to terminate the case.

Dated this 21st day of October, 2020.

Douglas L. Rayes
United States District Judge

---

[3] "[I]f Defendant files a motion under Rule 12(b)(6) [] notwithstanding Plaintiff's belief that further amendment of the complaint can cure the alleged defect(s), Plaintiff must submit, no later than the time Plaintiff files a response to the motion, a proposed amended complaint that complies with LRCiv 15.1(a) and contains all further allegations Plaintiff could make. In the event a motion to dismiss or for judgment on the pleadings is granted in any part, no leave to amend the complaint will be granted beyond what is offered in the proposed amended complaint." (*See* Doc. 19 at 2.)