**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Maughan Butterfield, | No. CV-20-01590-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| CiCi Enterprises LP, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion requesting that the Court disallow an award of costs in the amount of $1,000 against Plaintiff, which is fully briefed. (Docs. 43, 44, 45.) For the following reasons, Plaintiff's motion is denied.

The Ninth Circuit has interpreted Fed. R. Civ. P. 54(d)(1) "as creating a presumption for awarding costs to prevailing parties," but the district court has discretion to refuse to award costs when the losing party shows costs should not be awarded. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (internal quotations omitted). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 753 F.3d 1236, 1247-48 (9th Cir. 2014).

First, Plaintiff argues that a re-tax of Defendants' costs is appropriate because Plaintiff, a beautician and single mother of three, has limited financial resources to pay Defendants' $1,000 in costs. Plaintiff, however, has provided no evidence of her financial situation, leaving the Court with no way to verify her allegations of hardship. *See Green v. Buckeye Valley Fire Dep't.*, No. CV-11-02351-PHX-NVW, 2013 WL 12160977, at *1 (D. Ariz. July 16, 2013) ("[Plaintiff] asserts in a declaration accompanying her Motion that she does not have the financial resources to pay Defendants' costs, but provides no other evidence of her finances. [Plaintiff] is not obligated to provide any evidence of her financial situation, but . . . she has the burden to support her claim of an inability to pay Defendants' costs [and] without any evidence beyond her declaration [the Court] cannot find that [Plaintiff] carried her burden."). Nevertheless, from what the Court can surmise, Plaintiff's situation is unlike those extreme cases in which courts have re-taxed costs because the cost award would have rendered the plaintiff indigent. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (finding the court abused its discretion in denying the plaintiff's motion to re-tax costs without considering indigency of the plaintiff where plaintiff, an unemployed civil rights litigant, would possibly be rendered indigent by the $46,710.97 bill); *compare with McCalmont v. Fed. Nat'l Mortgage Ass'n*, No. CV-13-02107-PHX-JJT, 2019 WL 3816710, at *2 (D. Ariz. Aug. 14, 2019) ("Characterizing Plaintiffs as 'individual consumers with extraordinarily modest comparable income' is not sufficient to show the Court that the $4,898.90 of costs would render them indigent.").

Next, Plaintiff suggests that Defendants' bill of costs should be reduced from $1,000 to $400, because the $600 spent in obtaining B.B's medical and psychological counseling records via subpoena and deposition was unnecessary as Plaintiff allegedly offered to provide the records voluntarily. On the contrary, Defendants indicated that Plaintiff had the opportunity to provide these records in response to a September 16, 2020 request for production but failed to do so. (Doc. 44-3 at 3.) Plaintiff has not otherwise demonstrated that Defendants' bill of costs is unreasonable or should be reduced. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to re-tax costs (Doc. 43) is **DENIED.**

Dated this 1st day of December, 2020.

Douglas L. Rayes
United States District Judge